IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ARTURO MORENO, #114415                                                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NO.  2:10-cv-214-KS-MTP

ALETHA SHAW MILTON AND RODNEY BONE                                     DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal of this cause. Plaintiff, an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 on August 27, 2010.  The named defendants are Aletha Shaw-Milton, public defender, and Rodney Bone, a bondsman with Jackson Bail Bonding, Hattiesburg, Mississippi.  Plaintiff seeks as relief monetary damages.

I.  Background

The plaintiff asserts in his complaint [1] that on or about September 15, 2004, defendant Shaw-Milton, a public defender, met with him in the Lamar County Jail.  In his complaint [1], plaintiff states that Defendant Shaw-Milton allegedly explained to him that she knew of a bondsman that would "bond out" the plaintiff for $8,500.00.  According to the complaint [1], the plaintiff's mother brought the money and paid defendant Bone the $8,500.00.  After this money was allegedly paid, plaintiff understood that he would be released.  Compl. [1].  However, the plaintiff was not released and the plaintiff was refunded only $4,000.00 of the $8,500.00 that was paid for his bond.  Id.

II.  Analysis

The Prison Litigation Reform Act,  28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides  that "the court shall dismiss the case at any

time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.  As discussed below, the plaintiff's § 1983 action is frivolous.[1]

Initially, this court notes that in order to have a viable claim under 42 U.S.C. § 1983, the plaintiff must allege that he was deprived of a right "secured by the Constitution and the laws" of the United States and that the person depriving plaintiff of this right acted "under color of any statute" of the State.  Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988).

It is clear that the defendants were not state actors under these allegations.[2]  The mere fact that defendant Shaw-Milton was a public defender does not establish that she was a state actor. See Polk County v. Dodson, 454 U.S. 312, 319 n.9, 325 (1981)(when performing traditional functions of an attorney during a criminal matter a public defender does not act under color of state law).  Furthermore, it is clear from the allegations of the instant civil action that defendant Bone, an employee of Jackson Bail Bonding, was not a state actor, but a private business person.

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

[2] If a private attorney has conspired with a state actor to deprive a person of his constitutional rights, then the private attorney may be held liable pursuant to 42 U.S.C. § 1983. See Addicks v. Kress & Co., 398 U.S. 144, 152 (1970).  Even though this court is required to liberally construe pro se pleadings, the instant complaint does not contain any such allegations to establish that the defendants were state actors.  See McFadden v. Lucas, 713 F.2d 143, 147 n. 4 (5th Cir.), cert. denied, 464 U.S. 998 (1983) (citing Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977) (This court cannot construe unpled facts.)).

Therefore, any deprivation Plaintiff allegedly suffered by either defendant was not under color of state law. Consequently, he cannot maintain this § 1983 action.

### III. Conclusion

Based on the foregoing, plaintiff's claims are frivolous and are not cognizable under 42 U.S.C. § 1983. As such, the plaintiff's allegations concerning these § 1983 claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### IV. Three-strikes provision

Since the claims are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), this dismissal will be counted as a "strike".[3] If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion and order shall issue.

This the 27th day of September, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.